Sam **LARKIN**, Jr., Plaintiff,

v.

Margaret M. **HECKLER**, Secretary of Health and Human Services, Defendant.

No. C–83–4224–WWS.

United States District Court, N.D. California.

May 10, 1984.

Richard A. Gutstadt, Oakland, Cal., for plaintiff.

Gary A. Hall, Asst. U.S. Atty., San Francisco, Cal., for defendant.

## ORDER

SCHWARZER, District Judge.

Plaintiff Sam Larkin, Jr. filed this action in September 1983 challenging an adverse determination by the Secretary of Health and Human Services with respect to his claim for disability benefits. The government, after securing plaintiff's stipulation to three extensions of its time to answer on a boilerplate form, now moves to have this matter remanded to the Secretary for "further administrative review and proceedings." Plaintiff opposes the government's motion, and moves to have this Court order the government to answer his complaint and perfect the record for review on the merits.

The government makes its motion under 42 U.S.C. § 405(g). That section, as amended in 1980, provides in relevant part:

The court may, on motion of the Secretary for good cause shown before he files his answer, remand the case to the Secretary for further action by the Secretary, and it may at any time order additional evidence to be taken before the Secretary, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding ....

The statute's import is plain. The Secretary may move to remand the case before she answers only "for good cause shown." Alternatively, the Secretary may seek remand at any time for the taking of additional evidence, "but only upon a showing [1] that there is new evidence [2] which is material and [3] that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding ...."

The government's motion purports to rely on § 405(g), but it misleadingly excerpts the text as it read before amendment in 1980. That amendment substituted "may" for "shall" and added the "good cause" requirement in the first clause quoted above. Nor does the government attempt to make the showing statutorily required to justify its motion for remand. It only asserts that the Appeals Council wishes to obtain consultative psychiatric examination with psychological testing. This bare assertion, without explanation or justification of any kind, cannot remotely be considered "good cause shown" within the meaning of the first clause quoted above. A fortiori, it fails to meet the three-part test of the second clause.

The government's moving papers thus deliberately misstate the applicable law and ignore the express command of the statute. They violate counsel's certification under Fed.R.Civ.P. 11 that the motion "is well grounded in fact and is warranted by existing law."

Moreover, the record strongly suggests that the motion has been interposed to cause unnecessary delay. The amended complaint was served on or about September 19, 1983. In December, the government sought a thirty-day continuance within which to answer and perfect the record for review. In January 1984, it sought a second continuance. In February it sought a third continuance, which expired March 8, 1984. On April 12, after it had been in default for more than thirty days, it filed the instant motion, ostensibly for the insufficient reason discussed above.

The government's motion to remand is denied, and plaintiff's motion is granted. Pursuant to Rule 11, the government is ordered to pay to plaintiff within 10 days from this order attorney's fees reasonably incurred as a result of this motion in the

sum of $350. The government is further ordered to answer the complaint and perfect the record for review in accordance with this Court's Procedural Order of September 9, 1983, within thirty days from the date of this order. No extensions will be granted and failure to comply will result in entry of a default judgment. The United States Attorney for the Northern District of California is further ordered to bring this order to the attention of all Assistant United States Attorneys in this district engaged in Social Security Benefit litigation.

IT IS SO ORDERED.